United States District Court
Southern District of Texas

**ENTERED**

February 07, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CFE INTERNATIONAL LLC, §<br>§<br>§<br>Plaintiff, §<br>v. §<br>§<br>GUILLERMO TURRENT SCHNAAS, *et* §<br>*al.*, §<br>§<br>Defendant. §<br>§ | CIVIL ACTION NO. H-22-3385 |

**MEMORANDUM AND OPINION**

The defendants have moved to compel the plaintiff, CFE International LLC, to produce documents from its parent company, Comisión Federal de Electricidad ("CFE").  (Docket Entry No. 186).  CFE International opposes the motion.  (Docket Entry No. 195).  This is one of many document disputes the parties have raised, and the court has resolved.

Based on the pleadings, motions, briefs, relevant case law, and oral argument, the motion to compel is denied.  The reasons for this ruling are below.

**I.      Background**

CFE International has sued its former Chief Executive Officer, Guillermo Turrent Schnaas, and Chief Operating Officer, Javier Gutiérrez Becerril, for breach of contract and breach of fiduciary duty related to several oil and gas business ventures entered into between 2012 and 2018. (Docket Entry No. 51).  CFE International is a Delaware limited liability company formed in 2015 that "procure[s] large quantities of natural gas in the United States for transportation to Mexico for use in producing electricity for Mexican residents and businesses."  (*Id.* at ¶ 2).  CFE International's only member, CFE, is the state-owned electric utility company of Mexico.  (*Id.*).

The defendants request the following documents from CFE International:

> (1) documents and audio or video recordings from CFE's Board of Directors or committee meetings that discuss or referenced the Waha Connector . . . Agreements and the West Texas and South Texas Supply Agreements . . . or the Advisory Group; and (2) documents evidencing any due diligence or evaluation done by CFE relating to the assignment of the WC Agreements and the provision of parental guaranties for the Agreements.

(Docket Entry No. 186 at 1).  CFE International asserts that it has produced all responsive documents that are in its possession, and that any other responsive documents are possessed by CFE.  (Docket Entry No. 195 at 2–3).  The issue is whether the documents sought by the defendants that are in CFE's possession are in CFE International's control and therefore subject to compelled production to the defendants.  *See* FED. R. CIV. P. 34(a)(1).

## II.     The Legal Standard

Under Federal Rule of Civil Procedure 34(a)(1), a party may request from another party "designated documents or electronically stored information" that are "in the responding party's possession, custody, or control."  "The party seeking production of documents bears the burden of establishing the opposing party's control over those documents."  *Shell Glob. Sols. (US) Inc. v. RMS Eng'g, Inc.*, No. 4:09-CV-3778, 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3, 2011).

A party's ability to "access" documents does not determine whether the party has "possession, custody, or control" of the documents.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 821 (5th Cir. 2004).  Unfortunately, outside of *Wiwa*, guidance from the Fifth Circuit on this issue is sparse.  Some courts "have held that requests for a subsidiary to furnish information held by a parent are improper because a subsidiary by definition does not control the parent."  *Input/Output, Inc. v. Sercel, Inc.*, No. 5:06CV236, 2008 WL 11348285, at *2 (E.D. Tex. Aug. 14, 2008) (citing cases from outside the Fifth Circuit).  Other district courts in this circuit "focus upon the nature of the relationship between a corporate party and its affiliate to determine whether the

2

information sought from a corporate party's affiliate is in the party's custody and control." *Shell Glob. Sols. (US) Inc.*, 2011 WL 3418396, at *2. A number of factors are relevant to that inquiry, including:

> (a) commonality of ownership, (b) exchange or intermingling of directors, officers or employees of the two corporations, (c) exchange of documents between the corporations in the ordinary course of business, (d) any benefit or involvement of the nonparty corporation in the transaction, and (e) involvement of the non-party corporation in the litigation.

*Id.*; *see also LiiON, LLC v. Vertiv Grp. Corp.*, No. 1:19-CV-666-RP, 2019 WL 13136760, at *2 (W.D. Tex. July 30, 2019) (considering the same factors).

Outside the Fifth Circuit, several circuit courts have defined "control" as the "legal right to obtain documents upon demand." *See, e.g.*, *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting reference omitted); *see also Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229–30 (Fed. Cir. 1996); *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).

## III.    Analysis

The parties agree that CFE International is wholly owned by CFE. The companies' leadership also overlaps: three of CFE's officers serve as members of CFE International's board, one of whom is both the Director General of CFE and the Chairman of CFE International's Board of Directors. *See* (Docket Entry No. 195-1 at ¶ 7); (Docket Entry No. 1-5 at § 3(d)). CFE International is beholden to CFE on certain issues, including adhering to CFE's guidelines if it incurs debt and coordinating with CFE concerning the annual performance evaluation of CFE International's board. (Docket Entry No. 1-5 at §§ 6(j), 19(b)). The companies cooperate on certain strategies and business ventures, including, according to the defendants, the contracts at issue in this case. *See, e.g.*, (Docket Entry No. 186-8 at 6); (Docket Entry No. 186 at 4).

3

On the other hand, CFE and CFE International are two separate companies located in different countries and organized under different laws. (Docket Entry No. 195-1 at ¶ 6). CFE is the parent company; CFE International is the subsidiary. Their relationship is governed by a document titled, "Terms of Strict Legal Separation." (Docket Entry No. 186-15 at 34). The companies have no mutual board members. (Docket Entry No. 195-1 at ¶ 7). They have separate offices, IT systems, and document storage systems. (*Id.* at ¶¶ 6, 8). There is no evidence that the companies often exchange documents in the ordinary course of business; to the contrary, the evidence shows that CFE International requests documents from CFE "from time to time." (*Id.* at ¶ 12).

Balancing this circumstantial evidence might be useful when it is not clear whether the responding party has control over its parent company's documents. *See, e.g.*, *LiiON, LLC*, 2019 WL 13136760, at *2 (the five factors are helpful "to determine whether one corporation may be deemed under control of another"); *Shell Global Solutions (US) Inc.*, 2011 WL 3418396, at *2 (same). Here, however, there is no ambiguity. CFE International filed a declaration from its Chief Legal Officer, Gilberto Osio Sánchez, stating that CFE International "does not have the legal right under the laws of Mexico or of the United States to access CFE's IT systems or physical storage," nor does it "have ownership of CFE's documents or other records." (Docket Entry No. 195-1 at ¶ 10). In order to receive documents from CFE, CFE International must request them. (*Id.* at ¶ 12). "CFE determines whether to grant the request (assuming it has the requested documents) pursuant to governing regulations and laws, and its own internal policies and practices." (*Id.* at ¶ 13). According to Mr. Osio, CFE International "has no ability or power to compel CFE to provide documents." (*Id.* at ¶ 14).

The defendants have not provided any evidence contradicting Mr. Osio's description of the relationship between CFE and CFE International as it relates to CFE International's right or ability to obtain CFE's documents. The defendants' circumstantial evidence does not establish that CFE is "deemed under control of" CFE International. *See LiiON, LLC*, 2019 WL 13136760, at *2; *cf. Input/Output, Inc.*, 2008 WL 11348285, at *2 ("[R]equests for a subsidiary to furnish information held by a parent are improper because a subsidiary by definition does not control the parent."). Nor does that evidence establish that CFE International has control over the documents in CFE's possession—which is the only basis on which the court can compel production of the documents that the defendants seek. *See* FED. R. CIV. P. 34(a)(1).

The undisputed evidence in Mr. Osio's declaration shows that CFE International does not have access to, much less control over, CFE's documents. *Cf. Wiwa*, 392 F.3d at 821. This conclusion aligns with case law from other circuits defining "control" as a "legal right to obtain documents upon demand." *See, e.g.*, *In re Citric Acid Litig.*, 191 F.3d at 1107 (quoting reference omitted).

Cases like this can raise the concern that the subsidiary will produce helpful documents from the parent company, while refusing to produce unhelpful documents. *See* (Docket Entry No. 200 at 3–4). Here, however, CFE International stated that it "has produced all responsive documents received from CFE, regardless of whether they are helpful to [CFE International] or not." (Docket Entry No. 203 at 2) (bolding removed). CFE International also contends that it "asked CFE to provide additional documents that [the defendants] specifically requested, and produced all that CFE provided." (*Id.*). The defendants have provided no reason for this court to question those representations.

Lastly, while the court recognizes that obtaining documents from a non-party foreign corporation under the Hague Convention can be time-consuming, the court also notes that the defendants have had months while this litigation has been pending to try to obtain the documents directly from CFE through the Hague Convention processes. *Cf.* (Docket Entry Nos. 212, 213) (granting the parties' joint motion for a fourth extension of discovery deadlines). They apparently have not attempted to do so. (Docket Entry No. 216 at 1).

## IV. Conclusion

Because CFE International does not have possession, custody, or control of the documents that the defendants seek, the motion to compel, (Docket Entry No. 186), is denied.

SIGNED on February 7, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge